UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSEY JULY,

    Plaintiff,                      Civil Action No. 20-11989
v.                                    Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION [#17] AND REMANDING ACTION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. **[ECF No. 17]** The Magistrate Judge recommends that the Government's motion for summary judgment be denied, that Plaintiff's motion be granted in part, to the extent it seeks remand, and denied in part, to the extent an award of benefits is sought. A timely objection and a response to the objection were filed. **[ECF Nos. 18 and 19]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health*

1

*and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons, though the Court will address one statement in the Report and Recommendation, as raised by the Government in an objection.

The Government does not object to the Magistrate Judge's conclusion that this matter should be remanded to the Commissioner; rather, it asks the Court to reject the portion of the Report and Recommendation that faults the ALJ for failing to assign specific weight to a medical opinion. The Government asks the Court to exclude that portion of the Report and Recommendation because it believes that the ALJ was not required to give any specific evidentiary weight to the opinions of record pursuant to 20 C.F.R. § 404.1520c(b)(2). Plaintiff concurs with the Government's claim, stating that the "ALJ was not required to give any specific evidentiary weight to the opinions of record pursuant to the revised medical

opinion regulations, which control this case." Plaintiff maintains, however, that the error was harmless because the ALJ's analysis of that medical opinion was not controlling and the ALJ's conclusion that Plaintiff is not disabled is not supported by substantial evidence.

Although the Magistrate Judge's inclusion of the sentence may have created the implication that the ALJ had to assign specific weight to certain doctor's opinions (and may have been unnecessary), the Court finds that the sentence at issue had no bearing on the Magistrate Judge's analysis or conclusion, nor has the Court relied on the standard set forth in that sentence when evaluating this matter. As always, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004).

For the reasons set forth in the Report and Recommendation but without attributing any fault to the ALJ for not giving any specific evidentiary weight to the opinion(s) of record, the Court finds that the ALJ's decision was not supported by substantial evidence. Except for the sentence at issue, which the Court does not find controlling or necessary, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law. For those reasons, the Court notes but overrules the Government's objection.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[ECF No. 17, filed June 25, 2021]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law, except as noted above.

**IT IS FURTHER ORDERED** that the Government's Objection **[ECF No. 18, filed July 7, 2021]** is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [**ECF No. 12, filed February 22, 2021**] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [**ECF No. 15, filed May 6, 2021**] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** back to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for a more thorough evaluation of the medical evidence.

                                                  s/Denise Page Hood
                                                  DENISE PAGE HOOD
DATED: October 27, 2021            United States District Judge